UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-62069-BLOOM/Valle

CORNELIUS ROBERT CARUSO,

    Plaintiff,

v.

TITAN LIST AND MAILING
SERVICES, INC., JOAN PIANTADOSI
and JOHN FLATHMANN,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On August 31, 2018, Plaintiff Cornelius Robert Caruso ("Plaintiff" or "Caruso") commenced the instant case. *See* ECF No. [1] ("Complaint"). The Court has reviewed the Complaint and the applicable law, and determines that this case must be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be

waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

In the Complaint, Caruso alleges that the Defendants had employed him as a sales representative for nearly ten years, when he was terminated. As a result of his termination, he filed suit against the Defendants, asserting violations of the wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"). The case proceeded to trial before Magistrate Judge Seltzer (*see* Case No. 17-cv-62160) (the "Wage Case"), and Caruso obtained a favorable verdict. The Wage Case is currently on appeal in the United States Court of Appeals for the Eleventh Circuit. Caruso alleges further that after he filed the Wage Case, the Defendants retaliated against him by threatening him, contacting his current employer, family, friends, clients, and co-workers, and falsely accusing him of criminal conduct. Accordingly, Caruso asserts a claim in this case against the Defendants for retaliation in violation of the FLSA. However, the FLSA does not provide an independent basis for this Court to exercise jurisdiction over Caruso's retaliation claim.

The FLSA makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3). While Caruso contends that he engaged in a protected activity by filing the Wage Case, testifying in support of his wage claim, and that Defendants stipulated in the Wage Case that they were employers within the meaning of the FLSA, by his own admission, Caruso was no longer an employee of Defendants after June 15, 2017, and he filed the Wage Case on November 6, 2017. *See* ECF No. [1] at ¶¶ 11-12. It is evident from the Complaint that Caruso's instant claim arises from alleged conduct related to the Wage Case before Magistrate Judge Seltzer, and that Caruso in fact is attempting to seek sanctions against Defendants for their conduct related to the Wage Case, *see* ECF No. [1-2] at 5. *See also* ECF No. [3]. Thus, to the extent that Caruso would be entitled to relief for Defendants' conduct alleged in the instant case, he may seek it from Magistrate Judge Seltzer following resolution of the appeal pending before the Eleventh Circuit.

Accordingly, the Complaint, **ECF No. [1]**, is **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record