UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62069-CIV-BLOOM/VALLE

CORNELIUS ROBERT CARUSO,

       Plaintiff,

v.

TITAN LIST AND MAILING SERVICES, INC.,
JOHN FLATHMANN, and JOAN PIANTADOSI
a/k/a JOAN E. FLATHMANN
a/k/a JOAN PIANTADOSI FLATHMANN,

       Defendants.
_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Cornelius Robert Caruso ("Caruso") files this Motion for Reconsideration of the Court's *sua sponte* review of the record and order of dismissal for lack of subject matter jurisdiction. ECF No. 5. In support of this Motion, Mr. Caruso states as follows:

**PROCEDURAL BACKGROUND**

Mr. Caruso filed this action on August 31, 2018. ECF No. 1. Mr. Caruso's cause of action is brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (the "FLSA"). Specifically, Mr. Caruso alleges that Defendants Titan List and Mailing Services, Inc., John Flathmann, and Joan Piantadosi retaliated against Mr. Caruso in direct response to him, among other actions, having initiated an FLSA action for unpaid minimum wage and overtime pay and having testified in deposition and at trial in that action. *See, e.g.*, ECF No. 1 ¶¶ 19-21.

On September 4, 2018, the Court, on a sua sponte review of the record, determined and entered an order that this action must be dismissed for lack of subject matter

jurisdiction. ECF No. 5. The Court determined that at the time of the retaliatory actions, Mr. Caruso was not an "employee" of Defendants. *See id.* Accordingly, the Court determined that the provisions of the FLSA did not cover Mr. Caruso, and therefore the Court did not have subject matter jurisdiction pursuant to the FLSA. *See id.*

Mr. Caruso files this motion for reconsideration because a number of courts have addressed this argument—whether a former employee is covered by the FLSA—and determined that the retaliation provisions of the FLSA do in fact cover former employees.

## MEMORANDUM OF LAW

### I. The FLSA Provisions Covering Retaliation Claims And Subject Matter Jurisdiction

The FLSA provides in pertinent part the following:

> (a) After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person—
>
> (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or had testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

29 U.S.C. § 215(a)(3). The courts have routinely interpreted this provision to mean that employers are prohibited from engaging in retaliatory conduct and thus individuals have a cause of action for retaliation in the event of such retaliatory conduct.

Federal courts have subject matter jurisdiction over such retaliation causes of action pursuant the FLSA, which provides the following:

> Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal and equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional amount as liquidated damage. An action to recover liability prescribed in either of the preceding sentences may be maintained against any

>employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).

## II. The Courts Have Held That Former Employees Are Covered Under The FLSA

The Court's sua sponte review focused on the use of the word "employee" in 29 U.S.C. § 215(a)(3). The Court reasoned that because Mr. Caruso was not an "employee" at the time of the retaliatory actions, but rather was a former employee, the protections afforded by 29 U.S.C. § 215(a)(3) do not apply. ECF No. 5 at 3. Courts around the country have faced this argument and have uniformly determined that the FLSA's retaliation protections apply to former employees.

For example, in *Phillips v. M.I. Quality Lawn Maint., Inc.,* the defendants (employers) moved to dismiss the plaintiffs' (employees) complaint due to, among other things, the alleged retaliation taking place when plaintiffs were no longer "employees." 2010 U.S. Dist. LEXIS 111979, *9 (S.D. Fla. 2010) (Seitz, J.). The court noted that a number of courts have rejected the defendants' argument and held that the term "employee" in section 215(a)(3) must include former employees. *Id.* at *12 (citing *Darveau v. Detecon, Inc.,* 515 F.3d 334, 343 (4th Cir. 2008), *Martin v. Gingerbread House, Inc.,* 977 F.2d 1405, 1406-08 (10th Cir. 1992), and *Dunlop v. Carriage Carpet Co.,* 548 F.2d 139, 147 (6th Cir. 1977)). The court agreed with the analysis of those decisions especially in light of the Eleventh Circuit's recognition of the need to protect former employees from retaliatory conduct and the United States Supreme Court's expansive interpretation of the term "employee" in *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997).

In *Robinson*, the Court held that the term "employee" in section 704(a) of Title VII

was ambiguous as to whether it intended to exclude former employees. *Robinson*, 519 U.S. at 341. The Court, recognizing that section 704(a), which expressly protects employees from retaliation from filing a "charge" under Title VII and a charge under section 703(a) alleging unlawful discrimination would be brought by a former employee, held that it is far more consistent to include former employees within the scope of "employees" protected by section 704(a). *Id.* at 345.

Given the court decisions cited above as well as other decisions by courts in the Southern District of Florida and the Eleventh Circuit, Mr. Caruso falls within the scope and protections of the FLSA.[1] Accordingly, this Court has subject matter jurisdiction.

## CONCLUSION

For these reasons, Mr. Caruso respectfully requests that the Court reconsider its sua sponte order of dismissal and allow the case to proceed on the merits.

Dated: September 6, 2018             Respectfully submitted,

                                     s/Brian L. Lerner
                                     Brian L. Lerner (Fla. Bar No. 177202)
                                     blerner@kvllaw.com
                                     Kim Vaughan Lerner LLP
                                     One Financial Plaza, Suite 2001
                                     Fort Lauderdale, Florida 33394
                                     Telephone:   (954) 527-1115
                                     Facsimile:   (954) 527-1116
                                     Attorneys for Plaintiff

---

[1] Other courts in the Southern District also have found that section 215(a)(3) applies to former employees. *See, e.g., Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1291 (S.D. Fla. 2011) (Martinez, J.); *Holland v. MHI Hotels Servs., LLC*, 2015 U.S. Dist. LEXIS 188102, at *3 (S.D. Fla. Apr. 13, 2015) (Ryskamp, J.). Further, the Eleventh Circuit has reached a similar conclusion. *See Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1313 (11th Cir. 2001). Although deciding whether a former employee could bring an FMLA cause of action, the Eleventh Circuit specifically noted that the FMLA based the definition of "employee" on the term as defined under the FLSA. *See id.* at 1307.

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

s/Brian L. Lerner

## SERVICE LIST

| | |
|---|---|
| Joan Piantadosi<br>1020 NW 6th Street<br>Bay D<br>Deerfield Beach, Florida 33442<br><br>Via Service of Process | John Flathmann<br>1020 NW 6th Street<br>Bay D<br>Deerfield Beach, Florida 33442<br><br>Via Service of Process |
| Brian L. Lerner<br>blerner@kvllaw.com<br>Kim Vaughan Lerner LLP<br>One Financial Plaza<br>100 SE Third Avenue, Suite 2001<br>Fort Lauderdale, Florida 33394<br>Telephone:   (954) 527-1115<br>Facsimile:   (954) 527-1116<br>Attorneys for Plaintiff<br><br>Via Transmission of Notices of Electronic Filing Generated by CM/ECF | Titan List and Mailing Services, Inc.<br>c/o Joan E. Flathmann (as registered agent)<br>1020 NW 6th Street<br>Bay D<br>Deerfield Beach, Florida 33442<br><br>Via Service of Process |